**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARY ELLEN EGAN | ) | |
| Plaintiff, | ) | No. 10 CV 5518 |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| THE CITY OF CHICAGO, OFFICERS | ) | |
| NICHOLAS HARRIS, BILL GRAWAL, | ) | |
| F. VARGAS, WALTER GASKEW, JR. | ) | |
| Defendants. | ) | |

**FINAL PRETRIAL ORDER**

This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

Respectfully submitted,

/s/ Michael J. Petro
Attorney for Plaintiff Mary Ellen Egan
53 West Jackson, Suite 324
Chicago, Illinois 60604
(312) 913-1111


/s/ Myron Mackoff
Attorney for Defendants
Richardson & Mackoff, Ltd.
407 S. Dearborn
Suite 1260
Chicago, IL 60605
 (312) 922-5236
Atty Bar No. 6225518

1. **Jurisdiction:**

This is an action for false arrest/unlawful detention and conspiracy in violation of Plaintiff's Civil Rights pursuant to 42 U.S.C. §1983 and state law claims for false arrest/false imprisonment and malicious prosecution. Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and the court has pendent jurisdiction over the state law claim.

2. **Claims:**

Plaintiff has sued the defendants for an incident which occurred on August 31, 2009 while she was home alone in Chicago, Illinois. Plaintiff claims that the defendants falsely arrested and conspired to falsely arrest and maliciously prosecute her for Obstruction Of Service of Process in violation of her constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks both compensatory damages against the City of Chicago and the Chicago Police Officers and punitive damages against the Chicago Police Officers.

**Agreed Proposed Statement of the Case:**

On August 31, 2009, Plaintiff, Mary Egan, was arrested by Chicago Police Officers Vargas, Harris, Graywal and Gaskew for alleged Obstruction of Service of Process. Plaintiff claims that she was falsely arrested without probable cause and maliciously prosecuted. Plaintiff also contends that Defendants conspired to maliciously prosecute her. Defendants contend that there was probable cause to arrest and prosecute plaintiff and that no conspiracy.

3. **Relief sought:**

Compensatory damages including physical and mental/emotional pain and suffering and disability/loss of a normal life, loss of wages, legal fees and costs of court reported transcripts that Plaintiff has experienced to be determined by the jury during trial.

Punitive damages for outrageous and/or malicious conduct of Defendants.

**4.** **<u>Witnesses:</u>**

**Plaintiff's Witness List**

    (a)    Who will be called:

Officer Nicolas Harris – Chicago Police Department

Officer Bill Graywal – Chicago Police Department

Officer F. Vargas – Chicago Police Department

Officer Walter Gaskew, Jr. – Chicago Police Department

Mary Ellen Egan – 2433 W. Greenleaf Ave. #3, Chicago, Illinois

Ryan Egan – 2433 W. Greenleaf Ave. #3, Chicago, Illinois

    (b)    Who may be called:

Roger Heath Jr. – Chicago Police Department

Plaintiff reserves the right to call any witnesses listed by Defendants.

    (c)    Whose deposition will be used:

None except for witness impeachment.

    (d)    Experts:

None.

**Defendants' Witness List**

    (a)    Who will be called: Defendants incorporate Plaintiff's witness list except to notate that Defendant Gaskew is retired and no longer with the Police Department.

    (b)    Who may be called: No additional witnesses at this time.

    (c)    Whose deposition will be used: None except for impeachment or the unavailability of a witness.

    (d)    Experts: None.

5. **Exhibits:** [1]

**Plaintiff's Exhibit List**

The following Exhibits are offered by Plaintiff for admission:

P.'s Exh. 1    Chicago Police Department Arrest Report

P.'s Exh. 2    Chicago Police Department Original Case Incident Report

P.'s Exh. 3    Chicago Police Department Case Supplementary Report

P.'s Exh. 4    Chicago Police Department Criminal History Report.

**Defendants object to this exhibit on grounds of relevancy.**

P.'s Exh. 5    Chicago Police Department Records Disposal Certificate Related to 911 Tapes.

**Defendants object to this exhibit on grounds of relevancy.**

P.'s Exh. 6    Chicago Police Department Event Query.

**Defendants object to this exhibit on grounds of relevancy and (double) hearsay.**

P.'s Exh. 7    O.E.M.C. Event Query.

**Defendants do not know how this document differs from Exhibit 6 and reserves the right to object once Plaintiff differentiates the two.**

P.'s Exh. 8    Photos Incident of Location 2433 W. Greenleaf Avenue (to be provided 2 weeks prior to trial)

**Defendants object to this exhibit on grounds of relevancy and Plaintiff's failure to produce during discovery.**

---

[1]    Plaintiff and Defendants are in the process of limiting the number of objections to trial exhibits. Most likely, these issues will be resolved before the pre-trial conference.

P.'s Exh. 9     Circuit Court of Cook County Criminal Complaint for Incident

P.'s Exh. 10    Circuit Court of Cook County Certified Copy of Disposition

P.'s Exh. 11    Circuit Court of Cook County Criminal Trial Official Transcript Dated 23 November 2009.

**Defendants object to portions of this exhibit on grounds of relevancy and (double) hearsay and request that Plaintiff delineate which portions of the transcript she intends to enter into evidence.**

**Plaintiff's Demonstrative Exhibits**

Enlargements of photographs and documents (previously marked).

**Defendants' exhibit list**

The following Exhibits are offered by Defendants for admission:

1. The following exhibits were offered by defendants and marked for identification.

| Exhibit | Description | Plaintiff's Objection | Defendants' Response |
|---------|-------------|----------------------|----------------------|
| DX 1 | Defendants adopt PX1 | None. | |
| DX 2 | Defendants adopt PX2 | None. | |
| DX3  | Defendants adopt PX3 | None. | |
|      |              |                      |                      |

**Defendants Demonstrative Exhibits**

DX 4: Defendant Vargas' badge.

5

**Plaintiff objects to this exhibit on grounds of relevancy and Defendant's failure to produce during discovery.**

DX 5: Defendant Vargas' Chicago Police Department ID.

**Plaintiff objects to this exhibit on grounds of relevancy and Defendant's failure to produce during discovery.**

DX 6: Defendant Vargas' Cook County ID.

**Plaintiff objects to this exhibit on grounds of relevancy and Defendant's failure to produce during discovery. Further this document was seized from Defendant Vargas by the Cook County Sherriff after the trial of Plaintiff's criminal case.**

DX 7: Enlargement of Plaintiff's "mug shot".

**Defendants object to this exhibit on grounds of relevancy and Defendant's failure to produce during discovery. Further, the Defendant's will be unable to lay an adequate foundation for this exhibit.**

6. **Type and length of trial:**

Jury trial, three days.

7. **Proposed findings and conclusions:**

   Not applicable.

8. **Proposed Voir Dire:**

**Plaintiff's proposed voir dire**

   1.  Do you believe that lawsuits are a proper means to vindicate the rights of a person whose Constitutional rights have been violated?

6

2. This is a lawsuit brought by a private citizen against members of the Chicago Police Department and the City of Chicago. Do you feel that citizens who believe that their constitutional rights were violated by police officers have a right to bring suit against the police for their actions on the job?

3. Do you have any opinions about civil lawsuits for monetary damages?

4. Are you inclined to give greater or less weight to the testimony of a police officer than you would to an ordinary citizen?

5. What contacts do you have with police officers, sheriffs or other law enforcement officers in your life?

6. Do you do any business with the City of Chicago or the Chicago Police Department? If yes, please give details regarding the business relationship.

7. Do you believe that police officers are more truthful than an ordinary citizen?

8. Have you or anyone in your family ever belonged to or donated time, money, or services to any organization concerned with crime, such as Neighborhood Crime Watch, Crime Stoppers, Victim Assistance, or law enforcement support organization? If yes, please explain.

9. Do you have any disagreement with our system of justice that permits injured people to sue for money damages?

10. As you sit here right now, is there a limit you would place on an award for Plaintiff's damages?

11. Are there any answers that you have provided today that you regard as deeply personal, and that you would prefer to discuss outside the hearing of other jurors?

12. Do you have any medical issues, mental impairments, or physical problems (for example, sight, hearing, or back) that may affect your ability to understand the evidence or would make it difficult for you to sit for long periods?

**Defendants' proposed voir dire**

1. Have you personally had any dealings or interactions with police officers?
    a. **IF YES:**
        i. Were they City of Chicago police officers?
        ii. Explain your dealings/interactions with them.
2. Have you or anyone you know ever had any problems or negative encounters with a police officer?
3. Have you ever been a party to a lawsuit? If yes, explain/details. Did anything occur during that litigation that affected the way you view our legal system? Did anything occur during that litigation that might affect your ability to be a fair and impartial juror in this case?
4. Can you think of any reason why you would not be a fair and impartial juror in this case?
5. Do you have any feelings about being a juror in this kind of case?
6. Is there anything about this case that starts you off favoring one side?
7. Can you follow the law even if you disagree with it?
8. Do you feel that a person bringing a lawsuit is automatically entitled to damages?

    **Plaintiff objects.**

9. Would you be willing to send Plaintiff home with nothing if she fails to prove her case according to the law that the judge will explain to you?

    **Plaintiff objects.**

9. **Jury Instructions:**

    See attached.

10. **Trial Briefs:**

Plaintiff – None

Defendants- None

**11. <u>Discovery:</u>**

Discovery is complete.

**12. <u>Motions in Limine:</u>**

To be provided.