# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5518 | **DATE** | 10/3/2012 |
| **CASE TITLE** | Egan vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Defendants' motion in limine #8 is denied [30].

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Defendants seek to exclude any evidence of Plaintiff's call to 911 during the incident in question. Defendants argue that the fact that Plaintiff may or may not have called 911 outside the presence of Defendants after she took Defendant Vargas's identification does not make it more or less probable that Defendants had reason to believe that Plaintiff had committed a crime (and thus had probable cause to arrest her). Plaintiff maintains that the 911 call goes to her belief that Defendant Vargas was not a police officer and therefore was within her rights to take his identification and call 911. During the pre-trial conference held on September 25, 2012, counsel for Plaintiff also represented to the Court – and defense counsel concurred – that Defendant Vargas admitted in his deposition that he overhead Plaintiff on the phone with 911.

Because evidence will be presented at trial that Defendant Vargas heard Plaintiff on the phone with 911 and did not arrest her until after she called 911, the fact that Plaintiff called 911 is relevant to (1) what Defendant Vargas knew about Plaintiff's conduct and (2) whether a reasonable police officer, based on what Defendant Vargas knew at the time, would believe that a crime was being committed. See, *e.g.*, *Prieto v. Lopez*, 2010 WL 2574227, at *4 n.4 (N.D. Ill. June 23, 2010) (officer could consider a 911 call in determining whether he had probable cause to arrest a suspect). Typically, the use of a 911 call arises in cases in which an officer has learned that a possible victim called 911 and also learned what was reported to the 911 operator. In those instances, the fact of the call and what the caller said have been deemed relevant to whether the officer has probable cause to arrest. Here, the facts are different, but these circumstances warrant the same result. What the officer knew at the time that he made his arrest is relevant to the probable cause determination, and here, Officer Vargas knew that Plaintiff had called 911. Therefore, Plaintiff can testify to the fact that she called 911 (and why) and, if necessary, also may introduce evidence that she did in fact call 911. To date, Plaintiff has not indicated that she intends to elicit any testimony concerning the 911 operator's responses, nor has Plaintiff suggested any non-hearsay basis for admitting such testimony. Accordingly, based on the

**STATEMENT**

information presented to the Court at this time, the permissible scope of inquiry at trial will be limited to the fact that Plaintiff called 911, what Plaintiff said to the 911 operator, and her reasons for doing so.